# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

THE RELIZON COMPANY, et al.,

       Plaintiffs,        :        Case No. 3:10-cv–145

                                    District Judge Walter Herbert Rice
     -vs-                         Magistrate Judge Michael R. Merz

                                  :

CRAIG W. SEYBOLD, et al.,

       Defendants.

## NOTICE TO DEFENDANT NEUFELD

This case is before the Court on Notice from Defendant Rachel Neufeld that she is "not stable [enough] to participate in these legal matters." (Doc. No. 63). The Third Rule 26(f) Report of the Parties advises

> Rachel Neufeld was provided with a draft of this 26(f) report, but she informed the other parties via e-mail on December 10, 2011 that she is currently unable to participate in the drafting of this report or to attend the December 19, 2011 pre-trial telephone conference.

(Doc. No. 62, PageID 503, n.1.)

For three months (June 17-September 15, 2011) the Court stayed these proceedings to allow Ms. Neufeld to decide whether she would proceed *pro se* or retain counsel to replace Mr. Gallagher (Doc. Nos. 36, 44). On August 31, 2011, she notified counsel for the other parties that she would proceed *pro se* in the case (Attachment to Doc. No. 47, PageID 330-331). The Court lifted the stay in response to that notice (Not. Ord. granting Doc. No. 47).

Since the stay was lifted, Ms. Neufeld has participated selectively in the proceedings. She filed a Motion to Extend Time to Plead (Doc. No. 49), a Motion to Videotape Depositions (Doc. No.

50), an Answer (Doc. No. 52), a Motion to Advise the Court that she was unable to participate in the settlement conference (Doc. No. 57) and now a letter saying she is unable to participate at all, supported by an opinion from a licensed social worker who is her primary therapist and by a a psychiatric nurse practitioner (Doc. No. 63).  This letter was apparently not served on opposing counsel; at least it does not have a certificate of service.

While the Court does not doubt the professionalism of Ms. Neufeld's treaters, neither is a licensed physician.  Moreover, the opinion they have provided is quite conclusory: it does not tell the Court anything about prognosis or course of treatment or give any explanation of why participation in these proceedings is contra-indicated for Ms. Neufeld.

The present situation as regards Defendant Neufeld is untenable. She cannot continue to represent herself and then prevent the proceedings from going forward by not participating.  While she is entitled to proceed *pro se*, she must actually be able to do so.  If she is not, she must retain counsel to represent her.  Alternatively, she must provide the Court and opposing counsel with a medical/psychiatric opinion as to why she cannot participate.  This will allow the Court and the other parties to consider options for proceeding with the litigation.

December 16, 2011.

s/ **Michael R. Merz**  
United States Magistrate Judge