# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

THE RELIZON COMPANY, et al.,

       Plaintiffs,      :      Case No. 3:10-cv–145

                                            District Judge Walter Herbert Rice
    -vs-                              Magistrate Judge Michael R. Merz

                              :

CRAIG W. SEYBOLD, et al.,

       Defendants.

## CERTIFICATION OF FACTS CONSTITUTING CONTEMPT OF COURT
## TO THE DISTRICT JUDGE

To The Honorable Walter Herbert Rice, District Judge

    On December 1, 2011, Your Honor specially referred this case to me to conduct an in-person settlement conference on December 2, 2011. Prior thereto on November 15, 2011, Your Honor set the settlement conference by Entry (Doc. No. 56), particularly commanding therein:

> Not later than the close of business on Tuesday, November 29, 2011, counsel for each of the parties will submit to the Court ex parte (i.e., no copy need be served upon opposing counsel) settlement letters, said letter to consist of an objective analysis of the legal and factual strengths and weaknesses of his client's case, the strengths and weaknesses of the legal and factual positions of the opposing party(ies), the status of publically expressed settlement offers and demands, a bottom line/top dollar figure at which counsel will recommend settlement to his client and, finally, pragmatic suggestions on how the captioned cause might be resolved in ways other than the payment of money or an outright dismissal by the opposing party, without the payment of a monetary sum.

*Id.* PageID 484-485. Upon inquiry of your Courtroom Deputy Clerk at numerous times prior to the settlement conference, I learned that no such letter had been received from counsel for Defendants

Seybold and Kaminsky.

As the neutral conducting the settlement conference, I am authorized by S. D. Ohio Civ. R. 16.3(c)(3)(A)(iii) to communicate to "information about the parties' conduct if the neutral concludes that a party did not participate in good faith in the ADR proceedings or otherwise violated a Court order or Disciplinary Rule relating to the proceeding." Thus authorized, I certify that during the settlement conference, Mr. Gallagher confirmed that he had not sent a settlement letter and said that in his judgment his clients' resources were better expended by attending the conference than by preparing the settlement letter, stating that their resources were insufficient to do both.

On December 20, 2011, I filed an Order to Show Cause requiring Mr. Gallagher to

> show cause in writing not later than December 27, 2011, why he should not be held in contempt of court on the basis of these facts and appropriately sanctioned. Mr. Gallagher is advised that the reason he gave during the settlement conference, which the Magistrate Judge has kept in confidence under S. D. Ohio Civ. R. 16.3, but which Mr. Gallagher revealed to other counsel in the case, is not adequate excuse for the disobedience.

I further certify, as the docket shows, that Mr. Gallagher has filed no response to this Order.

Pursuant to 28 U.S.C. § 636(e)(6), I hereby certify the foregoing facts to Your Honor. It is my opinion that, on the basis of these facts, Mr. Gallagher is guilty of contempt of court. Your Honor is authorized to proceed in this matter in accordance with 28 U.S.C. § 636(e).

January 2, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

2