# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

THE RELIZON COMPANY, et al.,

      Plaintiffs,    :    Case No. 3:10-cv–145

                        District Judge Walter Herbert Rice
    -vs-                      Magistrate Judge Michael R. Merz

                             :

CRAIG W. SEYBOLD, et al.,

      Defendants.

## DECISION AND ORDER REVOKING PERMISSION TO PROCEED WITHOUT A TRIAL ATTORNEY WHO IS A PERMANENT MEMBER OF THE BAR OF THIS COURT

      S. D. Ohio Civ. R. 83.4(a) provides in pertinent part

> Unless otherwise ordered, in all actions filed in, transferred to or removed to this Court, all parties other than pro se parties must be represented at all times by a "trial attorney" who is a permanent member of the bar of this Court in good standing. ... Admission *pro hac vice* does not entitle an attorney to appear as a party's trial attorney, but the Court may, in its discretion and upon motion that shows good cause, permit an attorney who has been so admitted to act as a trial attorney.

Attorney John A. Gallagher was admitted *pro hac vice* on motion of Jennifer Hanlin, an associate of Mr. Gallagher in the practice of law, who was at the time of the motion admitted to practice as a permanent member of the bar of this Court and was appearing as trial attorney for Defendants Seybold, Kaminsky, and Neufeld (Doc. No. 4 and notation order granting).

      On February 1, 2011, these three Defendants moved to allow Ms. Hanlin to withdraw and Mr. Gallagher to substitute as their sole counsel, representing "[d]uring a conference call with all parties on December 22, 2010, Your Honorable Court blessed this motion, provided that Mr.

Gallagher agreed to conform to the highest standards of conduct, as required under the laws of this Court, and the State of Ohio." (Doc. No. 23, PageID 203-204.)  The case had by this time been referred to the undersigned (Doc. No. 19).  Although the Preliminary Pretrial Conference Order did not reflect any "blessing" from Judge Rice, the Magistrate Judge accepted Mr. Gallagher's representation that Judge Rice had agreed and his further representation that he would "at all times act in said compliant fashion."  (Doc. No. 23, PageID 204.)

The Court finds that Mr. Gallagher has failed to comply with the professional standards required for practice in this Court.  In particular,

1. Despite a direct court order to do so, he failed to provide a settlement letter for the mediation in this case.

2. He failed to attend the scheduling conference in this case on December 19, 2011.

3. He failed to respond to the Court's Order to Show Cause of December 20, 2011 (Doc. No. 67).

Accordingly, Mr. Gallagher authorization to act as trial attorney for Defendants Seybold and Kaminsky[1] is revoked.  Said Defendant shall retain and cause the entry of appearance of a trial attorney who is a member of the permanent bar of this Court not later than January 15, 2012.  Because of the crowded discovery schedule set in this case, Mr. Gallagher shall continue to act as trial attorney until new counsel enters an appearance and the proceedings herein will not be permitted to be delayed for compliance with this Order.

January 2, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[1] Mr. Gallagher has withdrawn from representing Ms. Neufeld.

2