# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

THE RELIZON COMPANY, et al.,

       Plaintiffs,                 :        Case No. 3:10-cv–145

                                     District Judge Walter Herbert Rice
   -vs-                           Magistrate Judge Michael R. Merz

                                :

CRAIG W. SEYBOLD, et al.,

       Defendants.

## DECISION AND ORDER

This case is before the Court on Plaintiffs' Motion for an award of attorney fees incurred in making their October 26, 2011, motion to compel discovery from Defendant GNJ Associates, Inc.("Proforma")(Doc. No. 61).  Proforma opposes the Motion (Doc. No. 69) and Plaintiffs have filed a Reply in support (Doc. No. 75).

The Motion for Attorney Fees is a non-dispositive pre-trial motion on which a magistrate judge can rule under 28 U.S.C. § 636(b), subject to appeal to the District Judge.

Plaintiffs' assert they served their Second Request for Production of Documents on GNJ on August 10, 2011.  When there had been no response by September 26, 2011, Plaintiffs' requested a response by letter.  On September 30, 2011, Proforma served a response, but objected to producing the responsive documents on "the grounds of relevance, overbroad and unduly burdensome."  After further consultation among the parties, Defendant GNJ made a final refusal to produce on October 19, 2011.  Plaintiffs then filed their Motion to Compel (Doc. No. 54) which the Court granted by notation order (November 29, 2011) when Proforma failed to oppose the Motion within the time allowed by S. D. Ohio Civ. R. 7.2.

1

In opposing the Motion for Fees, Proforma does not dispute the chronology asserted by Plaintiffs. It identifies the documents sought by Plaintiffs as the franchise agreement and certain tax returns and financial records. Proforma asserts the franchise agreement was and remains irrelevant because there is no evidence that its franchisor has any involvement in the events which give rise to this litigation. As to the financial records, their asserted relevance was to Plaintiffs' punitive damages claims. Proforma says it objected "since such discovery for such documents and records was not ripe as deposition discovery has just commenced and Proforma had every right to object to the production of those documents at that time." (Memorandum in Opposition, Doc. No. 69, PageID 522.) Ultimately on November 4, 2011, Proforma claims it produced the franchise agreement and its 2009 tax return "which was all of the documents it had in its possession at that time ..." *Id.* Two days before the settlement conference, "when Proforma's 2010 tax return, year end statement and balance sheet were finalized, Proforma immediately furnished those financial records to Workflow." *Id.*

In addition to laying out this purported justification for its responses to discovery, Proforma asserts that the amount of time spent by Plaintiffs' attorneys on the Motion is excessive, the hourly rate of Ms. Goico is "quite high," and the number of hours spent on the motion "seems excessive for the work involved." *Id.* at PageID 524.

Under Fed. R. Civ. P. 37(a)(5)(A), an award of reasonable expenses incurred in making a motion to compel is mandatory unless the moving party failed to make a good faith attempt to resolve the dispute without filing the motion, the nondisclosure was substantially justified, or other circumstances make an award unjust.

There is no doubt that Plaintiffs attempted to resolve the discovery dispute without filing a motion and Proforma has said nothing which suggests an award would be unjust. The Court finds that its nondisclosure was not substantially justified.

Under Fed. R. Civ. P. 34, a response to a request for production of documents is due thirty days after service. Proforma does not claim it made any response until September 30, 2011, almost double the time allowed by the rule. When it did respond, it apparently did so with the completely boilerplate objection quoted above. It did not explain to Plaintiffs and does not explain to the Court how the production of two documents – the franchise agreement and the 2009 tax return – could possibly have been burdensome. As to its objection that the request for financial information was not ripe, the case was at the time of Proforma's response almost a year past the initial discovery cut-off set by Judge Rice of October 15, 2010 (Doc. No. 15).

Proforma's objections to Ms. Goico's billing rate and hours expended are not entitled to any weight at all as they are based on conjecture. Fed. R. Civ. P. 37(a)(5)(A) is a cost-shifting rule. When a party responds to the discovery requests of an opponent as cavalierly as Proforma did here, it adds insult to injury by responding that what its opponent paid its attorneys "seems excessive."

Proforma is correct, however, that Plaintiffs are not entitled to an award for the time spent attempting to resolve the dispute without filing a motion to compel. The text of the Rule limits an award to reasonable expenses incurred in making the motion. The Court finds that Plaintiffs' incurred reasonable expenses consisting of attorney fees in the amount of $3,538 (12.2 hours x $290/hr.; see PageID 499) and ORDERS Proforma to pay that amount to Plaintiffs through their counsel not later than January 26, 2012.

January 16, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge
