# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

THE RELIZON COMPANY, et al.,

    Plaintiffs,

    -vs-

CRAIG W. SEYBOLD, et al.,

    Defendants.

Case No. 3:10-cv-145

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant John Vento's Motion to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)(Doc. No. 95). After briefing on the Motion was complete, the Court ordered Plaintiff to file a Third Amended Complaint to add "as many of the referenced allegations [made in its Memorandum in Opposition] as it believes are necessary to support its claim of personal jurisdiction" over Mr. Vento or to file a supplemental memorandum in response (Doc. No. 101). Plaintiff chose the former alternative and filed a Third Amended Complaint on June 8, 2012 (Doc. No. 104). Defendant Vento was then given until June 20, 2012, to file a supplemental memorandum in support of the Motion to Dismiss and Plaintiff another opportunity to respond (Order, Doc. No. 105). Mr. Vento has filed nothing further, but Plaintiff did file a supplemental memorandum on June 28, 2012 (Doc. No. 108).

The party asserting that a federal court has personal jurisdiction has the burden of proving it. *Brunner v. Hampson,* 441 F.3d 457 (6th Cir. 2006); *CompuServe, Inc., v. Patterson,* 89 F.3d 1257 (6th Cir. 1996); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991); *Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir. 1974). If the court determines to decide the issue

1

without an evidentiary hearing, however, the party need only make a *prima facie* showing. *Schneider v. Hardesty*, 669 F.3d 693 (6th Cir. 2012), *citing Serras v. First Tennessee Bank, N.A.*, 875 F.2d 1212 (6th Cir. 1989); *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)(quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980). The pleadings and affidavits are to be considered in the light most favorable to the plaintiff without considering defendant's controverting assertions. *Bridgeport Music v. Still N The Water Publ'g,* 327 F.3d 472, 478 (6th Cir. 2003).

This case was initially filed in the Montgomery County Common Pleas Court. In removing the case to this Court, Defendants asserted that there was diversity of citizenship and that original federal subject matter jurisdiction was proper on that basis (Notice of Removal, Doc. No.1, ¶ 22).[1] "In diversity cases, federal courts apply the law of the forum state to determine whether personal jurisdiction exists." *Nationwide Mutual Ins. Co. v. Tryg Intl. Ins. Co.,* 91 F.3d 790, 793 (6th Cir. 1996), citing *LAK, Inc., v. Deer Creek Enterprises,* 885 F.2d 1293, 1298 (6th Cir. 1989)(citing *Southern Machine Co. v. Mohasco Indus.*, 401 F.2d 374, 376, n. 2 (6th Cir. 1968). When determining whether a state court has personal jurisdiction over a nonresident defendant, the court is obligated to (1) determine whether the state's "long-arm" statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution. *Goldstein v. Christiansen*, 70 Ohio St. 3d 232, 235 (1994), citing *U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.,* 68 Ohio St. 3d 181, 183-84 (1994). This analysis is not conflated into one step because Ohio's long-arm statute does not reach to the limits allowed by the Constitution. *Cole v. Mileti*, 133 F.3d 433, 436, (6th Cir. 1998) citing *Goldstein,* 638 N.E. 2d 545, n.1. On this point, *Cole* overrules a

---

[1] Defendants mistakenly cite to 28 U.S.C. § 1331 in ¶ 22, but they assert diversity of citizenship. Jurisdiction in diversity cases is created by 28 U.S.C. § 1332.

long-standing analysis of Ohio law by the Sixth Circuit. See *In-Flight Devices v. VanDusen Air, Inc.,* 466 F.2d 220 (6th Cir. 1972); *Creech v. Roberts*, 908 F.2d 75 (6th Cir. 1990); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996).

Plaintiff asserts the Court has personal jurisdiction over Mr. Vento by virtue of Ohio Revised Code § 2307.382(A)(1) and (6). Those statutes provide:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> (1) Transacting any business in this state;
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

No part has requested an evidentiary hearing on the Motion to Dismiss and the Court determines that none is necessary. When viewing the facts alleged in the Third Amended Complaint most favorably toward Plaintiff, it is clear that they are sufficient to satisfy Ohio Revised Code § 2307.382 and the Constitution.

Therefore the Motion to Dismiss should be denied.

July 2, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).