IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE RELIZON COMPANY, *et al.*,          :

    Plaintiffs,

                                       Case No. 3:10-cv-145

v.                            :
                                       JUDGE WALTER H. RICE

CRAIG W. SEYBOLD, *et al.*,

    Defendants.                           :

---

DECISION AND ENTRY OVERRULING DEFENDANTS CRAIG W.
SEYBOLD AND G. ANDREW KAMINSKY'S MOTION FOR
RECONSIDERATION OF OCTOBER 30, 2012, NOTATION ORDER
(DOC. #117)

---

On August 21, 2012, having been notified by telephone that the above-captioned case was settled in its entirety, the Court entered an Order of Dismissal; Termination Entry. Doc. #113. On September 28, 2012, the Court was notified by telephone that, in fact, not *all* claims had been settled; cross-claims for contribution among the defendants were still pending. The Court therefore instructed the attorneys to file a motion to reopen the case.

Accordingly, on October 15, 2012, Defendants GNJ Associates, Inc. d/b/a Proforma Spectrum Graphics, and John Vento, Jr., filed a Motion to Vacate the Order of Dismissal; Termination Entry. Doc. #115. On October 30, 2012, the Court issued a Notation Order sustaining that motion, and reinstating the previous Scheduling Order. This matter is currently before the Court on Defendants Craig

W. Seybold and G. Andrew Kaminsky's Motion for Reconsideration of that Notation Order. Doc. #117.

Seybold and Kaminsky complain that the Court issued the Notation Order before the deadline to respond to the motion had expired. They also spend a great deal of effort arguing that the Court lacked authority to vacate the dismissal order. This is simply not true. Federal Rule of Civil Procedure 60(b)(1) clearly permits the Court to relieve a party from an order on the basis of mistake. That is the situation here.

Seybold and Kaminsky further maintain that they relied on the Court's dismissal order and moved on with their lives. They argue that it would be unfair to now reopen the case and again subject them to possible liability for contribution. However, they cannot, in good faith, claim to be ignorant of the fact that the cross-claims had not yet been resolved. Moreover, less than two months elapsed between the date the dismissal order was entered and the date the motion to vacate was filed. Any prejudice is therefore minimal.

Finally, Seybold and Kaminsky argue that reopening the case is futile under Ohio law. First, they argue that, because they have settled their claims with Plaintiff, they are discharged "from all liability for contribution to any tortfeasor." Ohio Rev. Code § 2307.28(B). However, as movants note, the discharge applies only if the settlement was made in "good faith." Ohio Rev. Code § 2307.27. Discovery concerning this issue is ongoing. *See* Docs. ##118, 121.

2

Second, Seybold and Kaminsky argue that Ohio Revised Code § 2307.25(A) precludes recovery because "[t]here is no right of contribution in favor of any tortfeasor against whom an intentional tort claim has been alleged and established." But movants maintain that because the settlement agreement does not contain any admission of wrongdoing and no intentional tort claim has been established, this statute is inapplicable.

Finally, Seybold and Kaminsky argue that because there is no contract of indemnity, it would be unjust to allow a claim for indemnification. *See Wagner-Mainert v. EDA Controls Corp.*, 444 F. Supp.2d 800, 804 (N.D. Ohio 2006). Movants point out, however, that contracts of indemnity may be implied when the tortfeasors are so related that one may be vicariously liable for the wrongs of the other. An employer-employee relationship, as existed here, may give rise to such vicarious liability. *See Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 73 Ohio St.3d 391, 394, 653 N.E.2d 235, 238 (Ohio 1995).

At this point, the Court cannot find, as a matter of law, that reopening the case to allow the cross-claims to move forward would be futile. The issues raised by Seybold and Kaminsky are more appropriately addressed in a motion for summary judgment following additional discovery.

For all of these reasons, the Motion for Reconsideration, filed by Defendants Seybold and Kaminsky, Doc. #117, is OVERRULED.

Date: March 29, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE