IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE RELIZON COMPANY AND :
WORKFLOW SOLUTIONS, LLC,
      Plaintiff, :
                                Case No. 3:10-cv-145
   v. :
                                JUDGE WALTER H. RICE
CRAIG W. SEYBOLD, *et al.*,
      Defendants. :

DECISION AND ENTRY OVERRULING DEFENDANTS CRAIG W.
SEYBOLD AND G. ANDREW KAMINSKY'S MOTION FOR PERMISSION
TO APPEAL MARCH 29, 2013, DECISION AND ENTRY OVERRULING
DEFENDANTS CRAIG W. SEYBOLD AND G. ANDREW KAMINSKY'S
MOTION FOR RECONSIDERATION OF OCTOBER 30, 2012,
NOTATION ORDER PURSUANT TO 28 U.S.C. § 1292(b) (DOC. #126)

Pursuant to 28 U.S.C. § 1292(b), Defendants Craig W. Seybold and G. Andrew Kaminsky seek leave to appeal this Court's March 29, 2013, Decision and Entry Overruling their Motion for Reconsideration of an October 30, 2012, Notation Order. Doc. #126.

I.    **Background and Procedural History**

The relevant facts may be summarized as follows. Plaintiff, The Relizon Company and Workflow Solutions, LLC ("Workflow Solutions") filed suit against Craig W. Seybold, G. Andrew Kaminsky, Rachel Neufeld, GNJ Associates, Inc.

d/b/a Proforma Spectrum Graphics ("Proforma"), and John Vento, Jr. Defendants then filed several counterclaims and cross-claims.

On July 16, 2012, the Court held a conference call to discuss possible mediation. Although all parties were notified and invited to participate, counsel for Defendants Seybold and Kaminsky did not participate in the conference call. A follow-up conference call was scheduled for August 20, 2012.

On August 20, 2012, prior to the scheduled time of that conference call, counsel for Plaintiff Workflow Solutions notified the Court that the case had been settled in its entirety. Biehl First Am. Aff. ¶3; Ex. B to Doc. #135. In accordance with the representation of counsel, on August 21, 2012, the Court issued an Order of Dismissal and Termination Entry. Doc. #113.

On September 28, 2012, counsel for Defendants Proforma and Vento notified the Court by telephone that, in fact, the entire case had *not* been settled, and that cross-claims for contribution and indemnification among the defendants were still pending. Court staff instructed him to file a motion to reopen the case. Accordingly, on October 15, 2012, Defendants Proforma and Vento filed a Motion to Vacate the Order of Dismissal; Termination Entry. Doc. #115. On October 30, 2012, the Court issued a Notation Order sustaining Defendants' Motion to Vacate (following Doc. #115).

On November 2, 2012, Defendants Seybold and Kaminsky filed a Memorandum in Opposition to the Motion to Vacate, and asked the Court to vacate the October 30, 2012, Notation Order. Doc. #116. They subsequently

2

filed a Motion for Reconsideration of the Notation Order. Doc. #117. They complained that the Court issued the Notation Order before the deadline to respond to the motion had expired, and argued that the Court lacked authority to vacate the dismissal order. In addition, according to Defendants, not only would it would be unfair for the Court to reopen the case, but it would also be futile.

On March 29, 2013, the Court issued a Decision and Entry Overruling the Motion for Reconsideration. Doc. #125. Finding that a mistake had been made in terminating the case in its entirety, the Court vacated the Order of Dismissal pursuant to Federal Rule of Civil Procedure 60(b)(1). The Court rejected Defendants' claims of prejudice and futility.

On April 27, 2013, Defendants Seybold and Kaminsky filed a Motion for Permission to Appeal the March 29, 2013, Decision and Entry Overruling the Motion for Reconsideration. Doc. #126. On June 7, 2013, having been granted an extension of time, Defendants Proforma and Vento filed a Memorandum in Opposition to the Motion for Permission to Appeal. Doc. #127. The Court held oral argument on July 1, 2013.

## II.  Interlocutory Appeals

Interlocutory appeals are governed by 28 U.S.C. § 1292(b), which provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that *such order involves a controlling question of law as to which there is*

3

*substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation*, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis added).

Notably, "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002). The moving party must show that: "(1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) immediate appeal may materially advance the ultimate termination of the litigation." *Id.*

### III.    Analysis

At issue in this case is essentially whether the Court abused its discretion in vacating its Order of Dismissal and Termination Entry after being notified by counsel that, contrary to what the Court was previously told, the case was not settled in its entirety, but that cross-claims remained pending. In the Court's view, any reasonable judge, faced with similar circumstances, would have vacated the Order of Dismissal.

Defendants Seybold and Kaminsky challenge, on several grounds, the circumstances under which the Court entered the Order of Dismissal, and later vacated it. First and foremost, Seybold and Kaminsky argue that the Court lacked authority to vacate the Order of Dismissal under Federal Rule of Civil Procedure 60(b)(1) on the basis of a "mistake." They note that, in their Motion to Vacate, Defendants Proforma and Vento did not invoke Rule 60(b)(1). Nor did they set forth any facts identifying any "mistake" that would justify the relief sought. Rather, Proforma and Vento simply stated that their "Cross Claims against Seybold, Kaminsky and Neufeld have not been settled and the matter needs to proceed as to those claims. Accordingly, the August 21, 2012[,] Order of Dismissal should be vacated." Doc. #115, at 4.

Seybold and Kaminsky essentially argue that because, in their motion, Proforma and Vento did not explicitly request relief under Rule 60(b)(1) on the basis of a "mistake," the Court could not invoke that Rule as a basis for vacating its Order of Dismissal. In the Court's view, this argument borders on the frivolous. It was obvious that a mistake had been made. The Court, having been advised that the case was completely settled had entered an Order of Dismissal. The Court was subsequently advised that, in fact, cross-claims were still pending. The Court was obligated to correct the mistake, and Rule 60(b)(1) was the appropriate vehicle to do so.

Any alleged deficiencies in the Motion to Vacate are largely irrelevant. Even if no motion had been filed, the Court had the power, under Rule 60(b)(1), to act

5

*sua sponte* to vacate the Order of Dismissal once the error was brought to its attention.  Rule 60(b) does not deprive "the court of the power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion." *United States v. Jacobs*, 298 F.2d 469, 472 (4th Cir. 1961).  *See also Simer v. Rios*, 661 F.2d 655, 663 n.18 (7th Cir. 1981) (finding that the district court "acted fully within its power in vacating the judgment" *sua sponte* under Rule 60(b)); *United States v. Certain Land Situated in City of Detroit, Wayne Cnty., Michigan*, 178 F. Supp.2d 792, 801 (E.D. Mich. 2001) ("Case law construing Rule 60(b) establishes that, in most instances, a court may grant relief under Rule 60(b) *sua sponte*.").

Seybold and Kaminsky also argue that an improper *ex parte* telephone communication precipitated the Order of Dismissal.  On August 20, 2012, counsel for Plaintiff called to inform the Court – albeit wrongly -- that the case had been settled in its entirety.  Because this was not a communication about the merits of the case or on procedures affecting the merits of the case, it was not an improper *ex parte* communication.  *See* Canon 3(A)(4) of the Code of Conduct for United States Judges.  The Court was entitled to rely on the representation of counsel in issuing the Order of Dismissal.

Seybold and Kaminsky allege that a second improper *ex parte* telephone communication precipitated the Notation Order vacating the Order of Dismissal.  On September 28, 2012, counsel for Proforma and Vento called to seek advice on how to proceed since cross-claims, in fact, remained pending.  The Court's staff

6

instructed him to file a motion to reopen the case. In hindsight, it may have been advisable for counsel to include attorneys for all parties in this phone call, since it was, at least in part, about procedures affecting the continued viability of the cross-claims. Nevertheless, the Court's Notation Order sustaining the Motion to Vacate the Order of Dismissal and Termination Entry was based not on this phone call, but on the written motion that followed it, a motion that was served on all parties.[1]

Assuming *arguendo* that the issues raised by Defendants Seybold and Kaminsky involve controlling questions of law, and that an immediate appeal may materially advance the ultimate termination of the litigation, Defendants have utterly failed to show that a substantial ground for difference of opinion exists regarding the correctness of the Court's decision overruling their Motion for Reconsideration of the October 30, 2012, Notation Order.

### IV.  Conclusion

Because Defendants Seybold and Kaminsky have failed to satisfy the requirements of 29 U.S.C. § 1292(b), the Court OVERRULES their Motion for

---

[1] Seybold and Kaminsky also take issue with the fact that the Court issued this Notation Order before the deadline for filing a response to the motion had expired. But because it was obvious that a mistake had been made and, in the interest of justice, needed to be corrected, there was no need to wait for a response to be filed.

Permission to Appeal the March 29, 2013, Decision and Entry Overruling their Motion for Reconsideration of the October 30, 2012, Notation Order. Doc. #126.

Date: July 8, 2013

*/s/ Walter H. Rice*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE